UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION



JIMMY COOK; RALPH DALZELL, SR.;
SANDRA DALZELL; RALPH DALZELL, JR.;
MIKA DALZELL; LORETTA MILLER;
KATHRYN PETRY,

PLAINTIFFS,

V.

COUNTRY VIEW FAMILY FARMS, LLC,

DONBAR INVESTMENTS, LLC,

DON LEIS,

THOMAS R. BARBEE, JR.,

And

THE CLEMENS FAMILY CORPORATION,

DEFENDANTS.

1:09-cv-1567 WTL-JMS
CASE NO.

JURY TRIAL REQUESTED

## COMPLAINT

COME NOW Plaintiffs, upon their personal knowledge as to themselves and their own actions, and upon information and belief as to all other matters, allege the following against Defendants Country View Family Farms, LLC; Donbar Investments, LLC; Don Leis; Thomas R. Barbee, Jr., and The Clemens Family Corporation (collectively "Defendants").

## NATURE OF THE CASE

1. This is an action by residents and property owners of Randolph County, Indiana against Country View Family Farms, LLC; Donbar Investments, LLC; Don Leis; Thomas R. Barbee, Jr.; and, The Clemens Family Corporation which own and/or operate a swine factory in close proximity to the Plaintiffs' homes and property. The noxious odors emanating from the swine factory have impaired Plaintiffs' ability to use and enjoy their property as well as causing substantial damage to their quality of life.

2. Defendants' swine factory in Randolph County, Indiana is a sow operation where sows and their piglets are kept from birth of the piglets until the piglets are three weeks old, or weigh approximately fifteen pounds. At that point the piglets are shipped to a grow-finish operation in Pennsylvania. The Defendants' swine factory produces foul and noxious odors, which are sensed by the Plaintiffs in Randolph County. The swine factory that is the subject of this lawsuit consists of the buildings in which the hogs are confined; the deep pit in which the hog urine and feces, afterbirth remnants, as well as other hazardous substances and materials are stored; the piping system and trucks used to extract the waste from the deep pit and transport it to land application fields; the land application fields where Defendants and/or their agents and/or employees dispose of the millions of gallons of hog waste that they generate every year. All of these features are sometimes collectively referred to herein as Defendants' "swine factory" or "swine facility." Defendants' swine factory produces offensive and noxious odors over a wide area. The sources of such odors include, but are not limited to: the hogs in the confinement buildings; the deep pit into which pig manure, urine, afterbirth remnants and other hazardous substances are flushed; the flushing systems; the leakage, spillage, discharge and release of swine waste; the spreading of hog waste; and the accumulation and disposal of dead hogs.

3. Defendants' waste management practices include holding the manure, urine, afterbirth remnants and other hazardous materials in a deep pit underneath the hog building; and thereafter periodically spreading the waste from the deep pit onto their property, as well as the property of others who have by contract agreed to allow Defendants to spread the waste onto their property. By spreading the waste in this manner, Defendants have increased and have distributed the odor far beyond the swine factory where the hogs are confined. Defendants' method of disposal of dead hogs has included: (i) stacking "the deads" on top of one another in compost areas. Even though the compost area has a roof over the top of it, the dead hogs are exposed to the elements. Defendants' waste management practices cause and contribute to the offensive and invasive odors that have disrupted and interfered with Plaintiffs' use and quiet enjoyment of their lives, homes, and properties.

4. The contaminated runoff from Defendants' swine factory and the land application of the hog waste serves as an additional source of odor, which impacts the lives and property of the Plaintiffs.

**PARTIES**

5. Plaintiffs Jimmy Cook; Ralph Dalzell, Sr.; Sandra Dalzell; Ralph Dalzell, Jr.; Mika Dalzell; Loretta Miller; and, Kathryn Petry, are all residents of Randolph County. Plaintiffs reside at, own, lease, and/or otherwise are in rightful possession of his or her property in the State of Indiana that is within five (5) miles of Defendants' Country View Family Farms facility that is in the vicinity of Lynn, Indiana.

6. Defendant Country View Family Farms, LLC is a Pennsylvania corporation with its principal place of business in Pennsylvania. Defendant has conducted and continues to conduct business in the State of Indiana. At all times relevant to this lawsuit, Defendant, directly and

indirectly owned, operated, controlled, maintained and/or managed Defendants' concentrated swine factory in the vicinity of where Plaintiffs reside and/or own property in Randolph County, Indiana.

7. Defendant Donbar Investments, LLC is a Ohio corporation with its principal place of business in Ohio. Defendant has conducted and continues to conduct business in the State of Indiana. At all times relevant to this lawsuit, Defendant, directly and indirectly owned, operated, controlled, maintained and/or managed Defendants' concentrated swine factory in the vicinity of where Plaintiffs reside and/or owns property in Randolph County, Indiana on which the swine factory is located.

8. Defendant Don Leis is a resident of Ohio. Defendant has conducted and continues to conduct business in the State of Indiana. At all times relevant to this lawsuit, Defendant, directly and indirectly owned, operated, controlled, maintained and/or managed Defendants' concentrated swine factory in the vicinity of where Plaintiffs reside and/or owns property in Randolph County, Indiana on which the swine factory is located, either personally or through his affiliation with Defendant Donbar Investments, LLC.

9. Defendant Thomas R. Barbee, Jr. is a resident of Ohio. Defendant has conducted and continues to conduct business in the State of Indiana. At all times relevant to this lawsuit, Defendant, directly and indirectly owned, operated, controlled, maintained and/or managed Defendants' concentrated swine factory in the vicinity of where Plaintiffs reside and/or owns property in Randolph County, Indiana on which the swine factory is located, either personally or through his affiliation with Defendant Donbar Investments, LLC.

10. Defendant The Clemens Family Corporation is a Pennsylvania corporation with its principal place of business in Pennsylvania. Defendant has conducted and continues to conduct

business in the State of Indiana through its role as the parent of Country View Family Farms, LLC. At all times relevant to this lawsuit, Defendant, directly and indirectly owned, operated, controlled, maintained and/or managed Defendants' concentrated swine factory in the vicinity of where Plaintiffs reside and/or own property in Randolph County, Indiana.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the claims set forth herein because Plaintiffs' damages were sustained in Randolph County, Indiana, within this judicial district. The Court has personal jurisdiction over Defendants because they conduct business and/or own property within the State of Indiana, within this judicial district.

12. Venue is appropriate in this Court because this is a tort action and the Plaintiffs' injuries occurred in Randolph County, Indiana, within this judicial district, and this judicial district is the location of Defendants' swine operation in question.

## GENERAL ALLEGATIONS

13. All of the Plaintiffs reside at, own, lease, or otherwise are in rightful possession of their above-described property in Randolph County, Indiana.

14. In or about 2006, Defendant began operation of their confined hog feeding operation in Randolph County, Indiana.

15. Defendants' swine factory in the vicinity of Randolph County, houses roughly 3200 sows and their piglets along with 300-400 replacement gilts. The piglets remain at the Defendants' swine factory up to the age of three weeks old, at which time they are shipped to Pennsylvania to a grow-finish facility. The Defendants' swine factory produces foul and noxious odors, which are sensed by the Plaintiffs.

16. The Defendants' swine operation utilizes a deep pit to store its hog waste. The sewage in the deep pit contains levels of nitrate, hydrogen sulfide, ammonia, sulfate, afterbirth remnants and other hazardous substances that create a temporary nuisance experienced by the Plaintiffs. The deep pit gives off foul odors, which are sensed by the Plaintiffs.

17. In addition, Defendants' deep pit is insufficient to handle and store the wastes generated by Defendants' swine factory without regular spreading of these wastes. Furthermore, Defendants did not acquire sufficient land at the time they began these operations, and still do not own or have the rights to use sufficient land to allow for proper spreading of these wastes. Moreover, Defendants have spread the sewage and waste from their deep pit with drag lines, dumping the waste from about eight inches above the ground without incorporation into the soil, thereby land-applying the waste in a manner that fails to control the emission of offensive odors and hazardous substances. This practice further contributes to the foul odors and contaminated runoff emanating from Defendants' swine factory.

18. The swine waste--holding pits and waste disposal systems designed and implemented by Defendants were knowingly designed and constructed so that the hog waste odors stemming from decomposition would not be reduced, but would actually be exacerbated.

19. As a result of complaints from neighbors, Defendants are well aware of the temporary nuisance created by their swine and their swine operations.

## COUNT I -- AGAINST ALL DEFENDANTS
## NEGLIGENCE

20. Plaintiffs incorporate by reference the above and foregoing paragraphs, as if fully set forth herein.

21. Defendants had a duty to Plaintiffs not to produce harmful and ill-smelling odors, hazardous substances and contaminated wastewater that escaped and continue to escape from Defendants' swine factory onto the Plaintiffs' property.

22. Defendants breached their duty to Plaintiffs by producing harmful and ill-smelling odors, hazardous substances and contaminated wastewater that escaped and continue to escape from Defendants' swine factory onto the Plaintiffs' property.

23. As a direct and proximate cause of Defendants' negligence, Plaintiffs have suffered and will continue to suffer substantial injuries and damages for which Plaintiffs are entitled to recovery.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, jointly and severally, awarding Plaintiffs actual damages in a fair and reasonable sum in an amount to be determined at trial sufficient to compensate Plaintiffs for the interference of their right to the use and quiet enjoyment of their respective properties; for punitive damages to be determined at trial in an amount set by law or the trier of fact sufficient to punish Defendants, jointly and severally, for the above-described conduct and to deter others from like conduct; that the costs of this action be assessed against Defendants, and for such other and further relief as the Court may deem just and appropriate.

## COUNT II -- AGAINST ALL DEFENDANTS
## TEMPORARY NUISANCE

24. Plaintiffs incorporate by reference the preceding paragraphs, as if fully set forth herein.

25. Plaintiffs, and each of them, have possessory rights to their properties.

26. Despite Defendants' representations, ill-smelling odors, hazardous substances and/or contaminated wastewater have escaped and continue to escape from Defendants' swine factory onto the Plaintiffs' property and, thus, have substantially impaired and continues to impair Plaintiffs' use and quiet enjoyment of their properties, and Plaintiffs have thereby been damaged.

27. Plaintiffs' use and enjoyment of their property, has been substantially impaired by the odor emanating from Defendants' swine factory.

28. Plaintiffs have experienced "sudden onset" physical manifestations of the nuisance created by the odor from Defendants' factory which may include but are not limited to a variety of physical ailments, including but not limited to, nausea, vomiting or other digestive problems; headaches; breathing difficulty, or other respiratory ailments; burning, dry and/or irritated eyes, noses and throats, tightness of chest; allergies; sinus pain; increased colds, coughing and sneezing; and in some cases, the aggravation of other medical conditions. In addition, Plaintiffs have suffered anguish and stress as a direct result of the discharges, odors and contaminated wastes from Defendants' swine factory, which has caused them damage.

29. The actions taken by Defendants and the use of their property have been and continue to be unreasonable, unusual and unnatural.


30. The Defendants can substantially reduce the foul and noxious-smelling odors through the implementation of reasonable and readily available technologies. Defendants refuse to reduce and/or eliminate foul and noxious-smelling odors, discharges of wastewater and hazardous substances, and other nuisances emanating from Defendants' swine factory.

31. Defendants' conduct described above constitutes a temporary, continuing and intentional nuisance. Defendants' conduct described above was outrageous because of their conscious disregard of the rights of Plaintiffs, thereby justifying an award of punitive damages again Defendants.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, jointly and severally, awarding Plaintiffs actual damages in a fair and reasonable sum in an amount to be determined at trial sufficient to compensate Plaintiffs for the interference of their right to the use and quiet enjoyment of their respective properties; for punitive damages to be determined at trial in an amount set by law or the trier of fact sufficient to punish Defendants, jointly and severally, for the above-described conduct and to deter others from like conduct; that the costs of this action be assessed against Defendants, and for such other and further relief as the Court may deem just and appropriate.

## COUNT III -- AGAINST DEFENDANTS COUNTRY VIEW FAMILY FARMS, LLC; AND THE CLEMENS FAMILY CORPORATION RESPONDEAT SUPERIOR

32. Plaintiffs incorporate by reference the preceding paragraphs, as if fully set forth herein.

33. At the time of Plaintiffs' injuries, Defendants Donbar Investments, LLC; Don Leis; and, Thomas R. Barbee, Jr. along with their agents, contractors, and/or employees acted

within the course, scope, and in furtherance of their employment by Defendants Country View Family Farms, LLC and The Clemens Family Corporation.

34. Defendants Country View Family Farms, LLC and The Clemens Family Corporation expressly or impliedly consented to Defendants Donbar Investments, LLC; Don Leis; and, Thomas R. Barbee, Jr. and their agents, contractors, and/or employees to act on Defendants Country View Family Farms, LLC and The Clemens Family Corporation's behalf at any and all times at issue in this action.

35. Defendants Country View Family Farms, LLC and The Clemens Family Corporation were negligent, in that it failed to adequately supervise or control Defendants Donbar Investments, LLC; Don Leis; and, Thomas R. Barbee, Jr., and their agents, contractors, and/or employees, permitting their negligent acts toward Plaintiffs and resulting in the a private temporary nuisance.

36. As the direct and proximate result of the negligence of Defendants Country View Family Farms, LLC and The Clemens Family Corporation and their agents, contractors, and/or employees, Plaintiffs have suffered and will continue to suffer substantial injuries and damages for which Plaintiffs are entitled to recovery.

**WHEREFORE**, Plaintiffs pray for Judgment against Defendants Country View Family Farms, LLC and The Clemens Family Corporation, jointly and severally, in an amount that is fair and reasonable to be determined by the jury, together with their costs and attorney fees incurred herein; for punitive damages to be determined at trial in an amount set by law or the trier of fact sufficient to punish Defendants Country View Family Farms, LLC and The Clemens Family Corporation for the above-described conduct and to deter others from like

conduct; and for such additional relief as the Court deems just and proper under the circumstances.

<h3 style="text-align:center">DEMAND FOR JURY TRIAL</h3>

Plaintiffs hereby demand their constitutional right to a trial by jury.

Dated: December 17, 2009

Respectfully submitted,

By: _____
Richard D. Hailey (IN 7375-49)
9333 N. Meridian Street
Suite 105
Indianapolis, Indiana, 46240
Tel: (317) 582-0000
Fax: (317) 582-0080
rich@rameyandhaileylaw.com

Charles F. Speer (MO 40713)
**SPEER LAW FIRM, P.A.**
104 West 9th Street, Suite 305
Kansas City, Missouri 64105
Tel:  (816) 472-3560
Fax:  (816) 421-2150
cspeer@speerlawfirm.com

Richard H. Middleton, Jr.
**THE MIDDLETON FIRM**
58 E. Broad Street
Savannah, GA  31402
Phone:  (912) 234-1133
Fax: (912) 233-1750
rhm@middletonfirm.com
**ATTORNEYS FOR PLAINTIFFS**