UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JIMMY COOK, RALPH DALZELL SR., SANDRA DALZELL, RALPH DALZELL JR., MIKA DALZELL, LORETTA MILLER, and KATHRYN PETRY, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 1:09-cv-01567-WTL-TAB ) |
| COUNTRY VIEW FAMILY FARMS, LLC, DONBAR INVESTMENTS, LLC, DON LEIS, THOMAS R. BARBEE JR., and THE CLEMENS FAMILY CORPORATION, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON DECEMBER 14, 2010, HEARING**

The parties appeared by counsel on December 14, 2010, to address ongoing issues regarding Plaintiffs' responses to Defendant The Clemens Family Corporation's discovery requests, originally served on June 18, 2010. Clemens first raised these discovery issues with the Court during an October 4, 2010, status conference, after which the Court ordered the Plaintiffs to supplement their responses by October 25. Plaintiffs supplemented their responses, but alleged deficiencies in these responses prompted the most recent discovery squabble and the December 14 hearing.

The dispute at hand can be summarized fairly easily. Clemens contends that Plaintiffs still have not fully answered numerous interrogatories and requests for production, and that Plaintiffs have inappropriately suggested that Clemens should get the discovery it seeks by

deposing the Plaintiffs. Plaintiffs' counsel respond that their clients are unsophisticated and that they have fully responded to the discovery requests to the best of their abilities.

The Court finds that the Plaintiffs' discovery responses remain inadequate. The Court is cognizant of counsel's suggestion that the Plaintiffs are unsophisticated. Nevertheless, Plaintiffs have lawyers who can assist them in ensuring complete and appropriate discovery responses. For example, Interrogatory No. 9 seeks basic information about Plaintiffs' potential witnesses, including a summary of witnesses' knowledge. Plaintiffs' responses fall woefully short of providing the basic information requested. The Court could cite to other specific examples, but the conclusion is largely the same. Plaintiffs need to further supplement their responses to Clemens Interrogatory Nos. 2, 7-10, 13-15, 17, 19, 20, 23, and 24. This does not mean that counsel must draft detailed interrogatory responses for the Plaintiffs, but it does require a good faith collaboration resulting in a completed work product with meaningful factual details that Plaintiffs can properly sign under oath. It is insufficient to simply respond that the interrogatories are more appropriately answered by way of depositions, to refer Clemens back to the complaint or prior discovery responses, or to provide only the most basic of discovery responses lacking factual detail that any reasonable lawyer would expect.

Plaintiffs' response to Clemens's request for production of documents is also somewhat problematic. Plaintiffs' counsel indicated at one point during the December 14 hearing that Plaintiffs had no additional documents responsive to Clemens's requests. Yet later in the hearing Plaintiffs' counsel clarified that there may in fact be some additional documents but that the Plaintiffs have had difficulty locating them. Plaintiffs must fully and completely respond to Clemens's document requests and produce any responsive documents within Plaintiffs' custody or control. Given the history of Plaintiffs' document production, Plaintiffs shall also provide to

Clemens a sworn statement specifying the steps they have taken to locate and retrieve responsive documents.

For the reasons set forth above, the Court concludes that Plaintiffs must further supplement their responses to Clemens's discovery requests. Plaintiffs shall fully comply with this order by January 3, 2011. Failure to fully comply with this order may subject Plaintiffs to reimbursing Clemens attorney's fees and/or costs necessitated by further efforts to obtain compliance, among other sanctions.

Dated: 12/17/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

| | |
|---|---|
| S. Andrew Bowman<br>BINGHAM MCHALE, LLP<br>abowman@binghammchale.com | Ragna Marie Urberg<br>BECKMAN LAWSON LLP<br>rurberg@beckmanlawson.com |

Aimee Rivera Cole
SMITH FISHER MAAS & HOWARD
arivera@smithfisher.com

Matthew J. Elliott
BECKMAN LAWSON, LLP
mje@beckmanlawson.com

Richard D. Hailey
RAMEY & HAILEY
rich@rameyandhaileylaw.com

Kyle Andrew Lansberry
LEWIS & WAGNER
klansberry@lewiswagner.com

Justin W. Leverton
RAMEY & HAILEY LAW FIRM
justin@rameyandhaileylaw.com

Rebecca Jean Maas
SMITH FISHER MAAS & HOWARD
rmaas@smithfisher.com

Kenneth J. Munson
BINGHAM MCHALE LLP
kmunson@binghammchale.com

Gregory A. Neibarger
BINGHAM MCHALE LLP
gneibarger@binghammchale.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com