UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **RALPH DALZELL, SR., et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:09-cv-1567-WTL-MJD |
| ) | |
| **COUNTRY VIEW FAMILY FARMS, LLC,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER REGARDING PLAINTIFFS' MOTION FOR COSTS

Following the entry of judgment in this case, the Plaintiffs filed a Motion for Costs Under Rule 26(b)(4)(E) seeking an order requiring the Defendants to pay the costs incurred in conjunction with the depositions of the Plaintiffs' two experts, John Brown and Ronald Sheffield, each of whom was deposed by the Defendants.  Federal Rule of Civil Procedure 26(b)(4)(E) provides:

> Unless manifest injustice would result, the court must require that the party seeking discovery:
>
> (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and
>
> (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

The Defendants argue that it would be manifestly unjust to award the fees and expenses sought by the Plaintiffs because, they argue, neither witness offered viable expert testimony.   The Court agrees with regard to Dr. Brown, but disagrees with regard to Dr. Sheffield.

The first line of Dr. Brown's report states that he was retained "to conduct an investigation of the conditions at Sky View Farm," and the remainder of his report is consistent with that statement.  Dr. Brown did, in fact, visit the farm and make observations about the

conditions there.  He also expressed several "opinions"[1] based upon his observations.  None of those opinions satisfied Rule 702, in that none of them appear to be based on the application of "reliable principles and methods" based upon "scientific, technical, or other specialized knowledge" possessed by Dr. Brown.  This is not to say that Dr. Brown does not possess such knowledge; rather, the point is that it does not appear that he used such knowledge in preparing the "opinions" contained in his report.  If he did, there is no indication of his methodology or the scientific basis for his conclusions in his report or in the portions of his deposition that have been provided to the Court.  Accordingly, the Court finds that it would be manifestly unjust to require the Defendants to pay the fees and expenses relating to Dr. Brown's deposition.

With regard to Dr. Sheffield, however, while the Defendants certainly assert valid arguments regarding problems with some of his expert opinions, the Court does not find his opinions so lacking in merit as to trigger the manifest injustice exception to Rule 26(b)(4)(E).  Rather, Dr. Sheffield applied his expertise in forming his opinion that Sky View Farm's practices were contrary to accepted practices in several specific requests—in other words, he applied his knowledge regarding farming practices to his observations and arrived at opinions.  Accordingly, the Court finds that it would not be manifestly unjust to require the Defendants to pay the fees and expenses relating to Dr. Sheffield's deposition.  The Defendants do not dispute the reasonableness of the fees and expenses sought with regard to Dr. Sheffield—$9501.58.  Accordingly, the Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**, and the Defendants shall pay the Plaintiffs $9501.58.

---

[1] The Court has used quotation marks around the word opinions because several of the statements denominated as opinions by Dr. Brown are not actually opinions, but simply observations.

SO ORDERED: 04/30/2013

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification